1   Kenneth A. Franklin (# 143809)
      kfranklin@afrct.com
2   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
3   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
4   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764
5
    Attorneys for Defendant
6   WELLS FARGO BANK, N.A., successor
    by merger with Wells Fargo Bank
7   Southwest, N.A., f/k/a Wachovia Mortgage,
    FSB, f/k/a World Savings Bank, FSB
8   ("Wells Fargo")

9                   UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

11

12  EDWARD LAWRENCE,                    CASE NO.: 3:14-CV-01272-EDL

13                 Plaintiff,           [The Honorable Elizabeth D. Laporte]

14         v.                           **DEFENDANT WELLS FARGO BANK,
                                         N.A.'S MOTION TO DISMISS
15  WELLS FARGO BANK, N.A.,             COMPLAINT PURSUANT TO F.R.C.P.
                                         RULES 8, 9, AND 12(b)(6)**
16                 Defendant.

17                                       Date:      May 27, 2014
                                         Time:      9:00 a.m.
18                                       Ctrm:      E, 15th Floor

19

20  **TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

21         **PLEASE TAKE NOTICE** that on May 27, 2014, at 9:00 a.m. in courtroom E, 15th

22  floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California,

23  94102, the Honorable Elizabeth D. Laporte presiding, defendant Wells Fargo Bank, N.A.,

24  successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia

25  Mortgage, FSB and formerly known as World Savings Bank, FSB ("Wells Fargo"), will move to

26  dismiss all claims in the complaint, pursuant to F.R.C.P. Rules 8, 9 and 12(b)(6).

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Grounds for the motion are as follows:

2   **1.       First Claim:  Violation of Civil Codes § 2923.5**

3   Plaintiff fails to state a claim because:  (i) plaintiff fails to plead the claim sufficiently to

4   satisfy the Rule 8 requirements; and (ii) plaintiff fails to allege facts to support a violation of the

5   Civil Code Section 2923.5.

6   **2.       Second Claim:  Slander of Title**

7   Plaintiff fails to state a claim for relief because:  (i) the claim fails to meet the Rule 8

8   requirements; and (ii) plaintiff has failed to allege the elements of slander of title.

9   **3.       Third Claim:  Negligent Misrepresentation**

10  Plaintiff fails to state a claim for negligence misrepresentation because:  (i) a

11  conventional lender does not owe a duty of care to its borrowers; (ii) plaintiff cannot credibly

12  allege any resulting damages; (iii) plaintiff fails to plead the elements of negligent

13  misrepresentation; (v) the complaint lacks the specificity required under Rule 9; and (vi) plaintiff

14  fails to plead the claim sufficiently to satisfy the Rule 8 requirements.

15  **4.       Fourth Claim:  Violation of Bus. & Prof. Code § 17200**

16  Plaintiff fails to state a claim for violation of Bus. & Prof. Code § 17200 ("UCL")

17  because:   (i) plaintiff fails to plead the elements of an UCL claim; and (ii) plaintiff fails to meet

18  the Rule 8 pleading standards.

19  **5.       Fifth Claim:  Equitable Estoppel**

20  Plaintiff fails to state a claim because:  (i) plaintiff fails to plead the required elements;

21  and (ii) plaintiff fails to meet the Rule 8 pleading standards.

22  **6.       Sixth Claim:  Violation of RESPA – Failure to Respond to QWR**

23  Plaintiff fails to state a claim for violation of RESPA because:  (i) plaintiff fails to allege

24  that the information requested related to the servicing of the loan; (ii) plaintiff fails to sufficiently

25  allege damages; and (iii) plaintiff fails to meet the Rule 8 pleading standards.

26  / / /

27  / / /

28  / / /

1    The motion to dismiss is based upon this notice, the memorandum of points and

2  authorities, the complaint, the accompanying request for judicial notice, and on Wells Fargo's

3  argument at the hearing.

4

5                                           Respectfully submitted,

6  Dated:  March 26, 2014                    ANGLIN, FLEWELLING, RASMUSSEN,
                                             CAMPBELL & TRYTTEN LLP
7

8                                           By:   /s/ Kenneth A. Franklin
                                                  Kenneth A. Franklin
9                                                 kfranklin@afrct.com
                                             Attorneys for Defendant
10                                           WELLS FARGO BANK, N.A., successor by
                                             merger with Wells Fargo Bank Southwest, N.A.,
11                                           f/k/a Wachovia Mortgage, FSB, f/k/a World
                                             Savings Bank, FSB ("Wells Fargo")
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

1.   INTRODUCTION ...................................................................................................1

2.   SUMMARY OF PLAINTIFF'S COMPLAINT AND  JUDICIALLY NOTICEABLE DOCUMENTS......................................................................1

3.   PLAINTIFF'S ENTIRE COMPLAINT FAILS TO SATISFY THE RULE 8 PLEADING REQUIREMENTS............................................................2

4.   PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF  CIVIL CODE SECTION 2923.5 FAILS .............................................................................3

5.   PLAINTIFF'S SECOND CLAIM FOR SLANDER OF TITLE FAILS ...........................3

6.   PLAINTIFF'S THIRD CLAIM FOR NEGLIGENT MISREPRESENTATION FAILS ...........................................................................................4

7.   PLAINTIFF'S FORTH CLAIM FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 FAILS ...................................................8

8.   PLAINTIFF'S FIFTH CLAIM FOR EQUITABLE ESTOPPEL FAILS .........................10

9.   PLAINTIFF'S SIXTH CLAIM FOR A VIOLATION OF RESPA FAILS......................11

10.  CONCLUSION.....................................................................................12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aleem v. Bank of Am.*,
2010 U.S. Dist. LEXIS 11944 (C.D. Cal. Feb. 9, 2010)......................................9

*Allen v. United Financial Mortg. Corp.*,
660 F.Supp.2d 1089 (N.D. Cal. 2009) ..........................................................12

*Argueta v. J.P. Morgan Chase*,
2011 U.S. Dist. LEXIS 70756 (E.D. Cal. June 30, 2011)................................6

*Ashcroft v. Iqbal*,
129 U.S. 1937 (2009)....................................................................................2

*Boatright v. Aurora Loan Services*,
2012 U.S. Dist. LEXIS 94801 (N.D. Cal. July 9, 2012)................................11

*Bouyer v. Countrywide Bank, FSB*,
2009 U.S. Dist. LEXIS 53940 (N.D. Cal. June 25, 2009)................................4

*Coppes v. Wachovia Mortg. Corp.*,
2011 U.S. Dist. LEXIS 42061 (E.D. Cal. Apr. 13, 2011)................................6

*Deal v. Countrywide Home Loans, Inc.*,
2013 U.S. Dist. LEXIS 87090 (N.D. Cal. June 20, 2013) ............................12

*DeLeon v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 112941 (N.D. Cal. Oct. 22, 2010)..............................6

*DeLeon v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan. 28, 2011) ............................9, 10

*Ditto v. McCurdy*,
520 F. 3d 1070 (9th Cir. 2007) ....................................................................4

*Dooms v. Fed. Home Loan Mortg. Corp.*,
2011 U.S. Dist. LEXIS 38550 (E.D. Cal. Mar. 30, 2011)............................5, 6

*Escobedo v. Countrywide Home Loans, Inc.*,
2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009)..............................9

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
100 F. Supp. 2d 1086 (C.D. Cal. 1999) (reciting California elements)....................7

*Heckler v. Community Health Servs.*,
467 U.S. 51 (1984)......................................................................................10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Heflebower v. JPMorgan Chase Bank, NA*,
  2013 U.S. Dist. LEXIS 141278 (E.D. Cal. Sept. 27, 2013)....................12

*Hoffman v. Bank of America, N.A.*,
  2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010)......................9

*Johnston v. Ally Fin., Inc.*,
  2011 U.S. Dist. LEXIS 83298 (S.D. Cal. July 29, 2011) ......................6

*Lal v. American Home Servicing, Inc.*,
  680 F.Supp. 2d 1218 (E.D. Cal. 2010)........................................12

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) ...............................................7

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) .................................................7

*Permito v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 55977 (N.D. Cal. Apr. 20, 2012) ......................4

*Resolution Trust Corp. v. BVS Dev.*,
  42 F.3d 1206 (9th Cir. 1994) ...............................................5

*Snyder v. Wachovia Mortg.*,
  2010 U.S. Dist. LEXIS 68956 (E.D. Cal. July 9, 2010) .......................4

*Tamburri v. Suntrust Mortg., Inc.*,
  2011 U.S. Dist. LEXIS 144442 (N.D. Cal. Dec. 15, 2011).....................12

*Torres v. Wells Fargo Home Mortg., Inc.*,
  2011 U.S. Dist. LEXIS 319 (N.D. Cal. Jan. 4, 2011) ........................12

*Villa v. Wells Fargo Bank, N.A.*,
  2010 U.S. Dist. LEXIS 23741 (S.D. Cal. March 15, 2010)......................9

**STATE CASES**

*Anderson v. Raboff*,
  (1958) 46 Cal. 2d 375 .....................................................4

*Bily v. Arthur Young & Co.*,
  3 Cal. 4th 370 (1992) .....................................................5

*Cadlo v. Owens-Illinois, Inc.*,
  125 Cal. App. 4th 513 (2004) ..............................................6

*Cell-Tech Comic's, Inc., v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ....................................................8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Cicone v. URS Corp.,*
  183 Cal. App. 3d 194 (1986) ............................................................................6

*Daro v. Superior Court,*
  151 Cal. App. 4th 1079 (2007) ..........................................................................9

*Eddy v. Sharp,*
  199 Cal. App. 3d 858 (1988) .............................................................................5

*Farmers Ins. Exch. v. Super. Ct.,*
  2 Cal. 4th 377 (1992) .........................................................................................8

*Gudger v. Manton,*
  21 Cal. 2d 537 (1943) ........................................................................................3

*Hall v. Time, Inc.,*
  158 Cal. App. 4th 847 (2008) ............................................................................8

*Hamilton v. Greenwich Investors XXVI, LLC,*
  195 Cal. App. 4th 1602 (2011) ........................................................................10

*Hour v. Mali's of Cal., Inc.,*
  14 Cal. App. 4th 612 (1993) ..............................................................................8

*Kachlon v. Markowitz,*
  168 Cal. App. 4th 316 (2008) ............................................................................4

*Korea Supply Co. v. Lockheed Martin Corp.,*
  29 Cal. 4th 1134 (2003) .....................................................................................8

*LiMandri v. Judkins,*
  52 Cal. App. 4th 326 (1997) ...........................................................................5, 6

*Nymark v. Heart Fed. Savs. & Loan Ass'n,*
  231 Cal. App. 3d 1089 (1991) .........................................................................5, 6

*Peterson v. Cellco P'ship,*
  164 Cal. App. 4th 1583 (2008) ..........................................................................9

*Saunders v. Super. Ct.,*
  27 Cal. App. 4th 832 (1994) ..............................................................................8

*Small v. Fritz Companies, Inc.,*
  30 Cal. 4th 167 (2003) .......................................................................................6

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.,*
  49 Cal. App. 4th 472 (1996) ..............................................................................5

*Wilhelm v. Pray, Price, Williams & Russell,*
  186 Cal. App. 3d 1324 (1986) ...........................................................................7

**FEDERAL STATUTES**

12 U.S.C. § 2605(e)(1)(B) ....................................................................................................11

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ....................................................................................8, 9, 10

Cal. Bus. & Prof. Code § 17204 .......................................................................................9, 10

Cal. Civ. Code § 47 .................................................................................................................4

Cal. Civ. Code § 47(c)(1) ........................................................................................................4

Cal. Civ. Code § 2923.5 ......................................................................................................3, 10

Cal. Civ. Code § 2923.5(a)(1) .................................................................................................3

Cal. Civ. Code § 2923.5(g) ......................................................................................................3

Cal. Civ. Code § 2924(d) .........................................................................................................4

Cal. Civ. Code § 2924.18 .........................................................................................................3

**RULES**

Fed. R. Civ. P. 8 .....................................................................................................................2

Fed. R. Civ. P. 9 .....................................................................................................................7

Fed. R. Civ. P. 9(b) ................................................................................................................7

Fed. R. Civ. P. 12(b)(6)..........................................................................................................2

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

This action arises from a 2004 home loan, plaintiff's default on that loan in 2011 and the non-judicial foreclosure proceedings which followed.  **Plaintiff has not made a payment in almost three years**.  Plaintiff challenges the foreclosure process, alleging that Wells Fargo has violated the newly-enacted Homeowners' Bill of Rights ("HBOR") and that Wells Fargo failed to modify plaintiff's loan.  For a myriad of reasons, including allegations that fail as a matter of law, and concessions throughout the pleadings, the complaint does not state a viable claim against Wells Fargo.

### 2.   SUMMARY OF PLAINTIFF'S COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

On or about May 17, 2004, the plaintiff borrowed $515,200 (the "Loan") from World Savings Bank, FSB ("World Savings").  (Comp. ¶ 25 and Exh. A thereto; RJN, Exh. A, Deed of Trust.)  The Loan was memorialized by a promissory note and secured by a deed of trust recorded against 31 Lancaster Ct. Walnut Creek, California (the "Property").  (*Id.*)

World Savings changed its name to Wachovia Mortgage, FSB.  It changed its name again to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. in November, 2009.  It is currently known as Wells Fargo Bank, N.A. ("Wells Fargo").  (RJN, Exhs., B, C, D and E are certificates issued by the Office of Thrift Supervision and Office of the Comptroller of the Currency that acknowledge the federal savings bank charter, authorize the name changes, and approve the merger; RJN, Exh. F is a printout from the FDIC website showing the history of World Savings Bank.)

There is no dispute that plaintiff defaulted on the Loan.  ( RJN, G, notice of default.)  No payment has been made on the Loan since May 2011.  (*Id.*)  A notice of default was recorded on November 7, 2012.  (*Id.*)  The Loan remains in default and a notice of sale was recorded on March 1, 2013.  (RJN, Exh. H, notice of sale.) A second notice of sale was recorded on January 6, 2014.  (RJN, Exh. I, second notice of sale.)  That second notice set the sale date of January 30, 2014.  The sale has since been postponed.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Plaintiff makes the following vague allegations in support of his claims:

- That "Defendant did not attempt to negotiate with Plaintiff in good faith before recording a notice of sale on Plaintiff's home."  (Comp. ¶ 47.);

- That "Defendant closed Plaintiff's modification file for alleged failure to provide documents" and "Plaintiff has attempted on numerous occasions to re-open his modification application . . . ." (Comp. ¶¶ 52 and 53.);

- That plaintiff submitted a Qualified Written Request and Wells Fargo failed to respond. (Comp. ¶ 42.); and

- "A foreclosure sale would breach The OCC's Minimum Requirements."  (Comp. ¶ 55.)

### 3.   PLAINTIFF'S ENTIRE COMPLAINT FAILS TO SATISFY THE RULE 8 PLEADING REQUIREMENTS

Rule 8 of the Federal Rules of Civil Procedure requires some meaningful factual information to be alleged for a claim to survive a Rule 12(b)(6) motion.  As stated in *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009):

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  [citation]  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of cause of action will not do." [citation].  Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

> To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129 U.S. at 1949.  Coupled with the recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), pleading requirements are now sharpened.  Taken together, these cases establish that a plaintiff must "allege enough facts to state a claim to relief that is plausible on its face;" in other words, the standard became "plausible," not "conceivable." *Twombly*, 550 U.S. at 557.

The complaint in this case falls well short of this standard.  It consists mostly of a generic allegation of "failure to participate in good faith negotiations" and "plaintiff's eligibility for HAMP" with no specific allegations supporting any claim of wrongdoing by Wells Fargo.  The complaint relies almost entirely on improper labels and legal conclusions, which are not entitled to the presumption of truth. *Iqbal* at 1949-50.  As such, the complaint does not meet the Rule 8 standards and must be dismissed.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2

### 4.   PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF
### CIVIL CODE SECTION 2923.5 FAILS

3      Plaintiff alleges that Wells Fargo violated Civil Code Section 2923.5 because it did not

4   "attempt to negotiate with Plaintiff in good faith before recording a **notice of sale** on Plaintiff's

5   home." [Emphasis added.] (Comp. ¶ 47.)  Civil Code Section 2923.5 does not apply to Wells

6   Fargo.[1]  Cal. Civ. Code § 2923.5(g).  Moreover, Civil Code Section 2923.5, does not require a

7   lender to "negotiate with Plaintiff in good faith before recoding a notice of sale."  Section 2923.5

8   merely requires that prior to recording a **notice of default** a lender **contact** the borrower to

9   "assess the borrower's financial situation and explore option for the borrower to avoid

10  foreclosure."  Section 2923.5(a)(1).  First, there is no requirement in Section 2923.5 that a lender

11  undertake any action prior to recording a notice of trustee's sale.  Second, there is no requirement

12  that a lender "attempt to negotiate."  A lender is merely required to "contact" and "assess" not to

13  negotiate.  And, this requirement only applies to the notice of default **not** the notice of sale.  As

14  such, plaintiff's claim under Section 2923.5 fails.

15      ### 5.   PLAINTIFF'S SECOND CLAIM FOR SLANDER OF TITLE FAILS

16      Plaintiff's slander of title claim is based upon the recording of the notice of default and

17  notice of trustee's sale.  (Comp. ¶¶ 61 and 62.)  There is no allegation, however, that plaintiff

18  was not in default on the Loan, nor is there any legal basis to conclude that Wells Fargo was not

19  entitled to record the foreclosure documents.  Therefore, the claim fails.  The notice of default

20  and notice of sale properly state that the Loan is in default.

21      To state a claim for slander of title, one must plead:  (1) a direct or indirect disparagement

22  of the owner' s title; (2) the disparaging statement must have been published; (3) the matter

23  published must be untrue; (4) the statement must not have been privileged; (5) the statement

24  must have been made with malice; and (6) the statement must have been the proximate cause of

25

26  ─────────────────────
    [1]  Since both notices of sale were recorder after January 1, 2013, presumably plaintiff is alleging
27  a violation of the new Civil Code Section 2923.5 that became effective January 1, 2013.  Section
    2923.5 applies only to entities described in Civil Code Section 2924.18.  Section 2924.18
28  provided that it applies only to entities that foreclose on fewer than 175 residential units per year.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   pecuniary loss by the plaintiff.  *Gudger v. Manton*, 21 Cal. 2d 537, 541-43 (1943).  (Disapproved

2   on other grounds, in *Anderson v. Raboff*, (1958) 46 Cal. 2d 375, 381.)

3        Other than referring to the recording of foreclosure notices, plaintiff does not identify any

4   purported act of slander.  Wells Fargo was well within its rights to record foreclosure-related

5   notices. And, plaintiff does not allege that anything in those notices was false or untrue.  Slander

6   of title cannot stand as a result.  Moreover, the recording of such notices are privileged under the

7   qualified common-interest privilege pursuant to Civil Code §§ 47, 2924(d).  It is well-established

8   that any statutorily-required mailing, publication, and delivery of notices in connection with a

9   non-judicial foreclosure, and the performance of any statutory non-judicial foreclosure

10  procedures by a trustee and beneficiary are " privileged communications under the qualified,

11  common-interest privilege of [Civil Code] Section 47, subdivision (c)(1)."  *Kachlon v.*

12  *Markowitz*, 168 Cal. App. 4th 316, 333 (2008).

13       Plaintiff also fails to allege any <u>facts</u> showing that Wells Fargo acted with malice when

14  enforcing its security interest and conducting a foreclosure.  Therefore, plaintiff cannot recover

15  damages as sought in the complaint.  *See e.g.*, *Permito v. Wells Fargo Bank, N.A.*, 2012 U.S.

16  Dist. LEXIS 55977, *24-25 (N.D. Cal. Apr. 20, 2012) (allegations that " Wells Fargo acted

17  recklessly"  during the foreclosure process were insufficient to pierce the qualified statutory

18  privilege); *Snyder v. Wachovia Mortg.*, 2010 U.S. Dist. LEXIS 68956, *18 (E.D. Cal. July 9,

19  2010) (" Subsection (d) of California Civil Code section 2924 . . . renders as California Civil

20  Code section 47 ' privileged communications'  the ' mailing, publication, and delivery' of

21  foreclosure notices and ' performance'  of foreclosure procedures . . . Wachovia' s alleged

22  wrongs are subject to section 2924(d) immunity." ); *Bouyer v. Countrywide Bank, FSB*, 2009

23  U.S. Dist. LEXIS 53940, *18-20 (N.D. Cal. June 25, 2009) (same).

24       Moreover, plaintiff pleads no pecuniary loss, let alone one caused by the foreclosure

25  documents.

26       For the reasons set forth above, plaintiff's slander of title claim fails.

27  **6.**   **PLAINTIFF'S THIRD CLAIM FOR NEGLIGENT MISREPRESENTATION FAILS**

28       The tort of negligent misrepresentation requires that the defendant owe plaintiff a duty of

1   care.  *Ditto v. McCurdy*, 520 F. 3d 1070, 1078 (9th Cir. 2007).  The threshold element for any

2   negligence claim is the existence of a duty of care.  *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370,

3   397 (1992).  "The determination of whether a duty exists is primarily a question of law."  *Eddy v.*

4   *Sharp*, 199 Cal. App. 3d 858, 864 (1988).  "[A]bsent a duty, the defendant's care, or lack of care,

5   is irrelevant."  *Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th

6   472, 481 (1996).  A plaintiff's "inability to plead a duty of care on the part of [defendant]

7   precludes his maintenance of a cause of action on any negligence theory."  *LiMandri v. Judkins*,

8   52 Cal. App. 4th 326, 349 (1997).  "The determination of whether a duty exists is primarily a

9   question of law."  *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).

10          California law is clear:  "as a general rule, a financial institution owes ***no duty of care to***

11   ***a borrower*** when the institution's involvement in the loan transaction does not exceed the scope

12   of its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Savs. & Loan Ass'n*,

13   231 Cal. App. 3d 1089 (1991) (emphasis added); *Resolution Trust Corp. v. BVS Dev.*, 42 F.3d

14   1206, 1214 (9th Cir. 1994) ("Under California law, a lender does not owe a borrower or third

15   party any duties beyond those expressed in the loan agreement, excepting those imposed due to

16   special circumstance or a finding that a joint venture exists.").

17          In a recent case, a district court carefully reviewed California law governing the duties

18   owed by a lender to a borrower concerning a loan modification.  In *Dooms v. Fed. Home Loan*

19   *Mortg. Corp.*, 2011 U.S. Dist. LEXIS 38550, 24-25 (E.D. Cal. Mar. 30, 2011), the plaintiff-

20   borrower had "experienced financial difficulties" and requested a loan modification.  After a

21   foreclosure sale was completed, the plaintiff sued her lender for negligence alleging that it

22   breached duties of care to "(1) [p]rocess [plaintiff's] loan modification applications; (2) [h]alt

23   foreclosure activities pending [plaintiff's] loan modification; (3) [a]llow [plaintiff] to cure

24   default; (4) [r]efrain from selling the property . . . ; and (5) [a]llow [plaintiff additional time] to

25   provide further documentation for loan modification."  *Id.* at *24.

26          The *Dooms* Court found that "[t]here is ***no actionable duty between a lender and***

27   ***borrower*** in that loan transactions are arms-length."  *Id.* at 25 (emphasis added).  "A lender

28   'owes no duty of care to  the [borrowers] in approving their loan.  Liability to a borrower for

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   negligence arises only when the lender "actively participates" in the financed enterprise "beyond

2   the domain of the usual money lender." *Id.* at 25-26 (*citing Wagner v. Benson,* 101 Cal. App. 3d

3   27, 35 (1980); *Nymark*, 231 Cal. App. 3d at 1096; and *Meyers v. Guarantee Sav. & Loan Assn.*,

4   79 Cal. App. 3d 307, 312 (1978) [no lender liability when lender did not engage "in any activity

5   outside the scope of the normal activities of a lender of construction monies"]).

6          Other federal courts have found that a lender owes no duty to the borrower with respect

7   to a modification. *See, Argueta v. J.P. Morgan Chase*, 2011 U.S. Dist. LEXIS 70756, 14-16

8   (E.D. Cal. June 30, 2011); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 112941,

9   9-12 (N.D. Cal. Oct. 22, 2010) (negligence claim fails because lender had no "duty to Plaintiffs

10  to complete the loan modification process, postpone the foreclosure sale pending completion of

11  such process, and serve a proper notice of sale"); *Coppes v. Wachovia Mortg. Corp.*, 2011 U.S.

12  Dist. LEXIS 42061, *17-18 (E.D. Cal. Apr. 13, 2011) (court dismissed negligence claim because

13  "Plaintiff has not alleged 'special circumstances' plausibly suggesting Wachovia owed her a duty

14  of care because it 'actively participate[d] in the financed enterprise beyond the domain of the

15  usual money lender.'").

16         In this case, there is simply nothing to suggest that Wells Fargo did anything that

17  "exceed[ed] the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal.

18  App. 3d at 1096. "[L]oan modification is an activity that is 'intimately tied to Defendant's

19  lending role.'" *Johnston v. Ally Fin., Inc.*, 2011 U.S. Dist. LEXIS 83298, 10-11 (S.D. Cal. July

20  29, 2011) (quoting *Karimi v. Wells Fargo*, 2011 U.S. Dist. LEXIS 47902, at *7 (C.D. Cal. 2011))

21  (dismissing negligence claims where "[t]he complaint only alleges that Plaintiffs attempted to

22  enter into an arms-length transaction with [lender] for a loan modification and does not contain

23  any facts showing special circumstances that would require imposing a duty on [lender]."). An

24  inability to plead a duty of care precludes the maintenance of a claim on <u>any</u> negligence theory.

25  *LiMandri v. Judkins*, *supra*, 52 Cal. App. 4th at 349; *Cicone v. URS Corp.*, 183 Cal. App. 3d

26  194, 207-211 (1986) (a duty of care is necessary to maintain a negligent misrepresentation

27  claim).

28         Additionally, negligent misrepresentation is a species of fraud under California law. *See*

1   *e.g.*, *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173-174 (2003); *Cadlo v. Owens-Illinois,*

2   *Inc.*, 125 Cal. App. 4th 513, 519 (2004).  And, plaintiff has also failed to plead a claim for fraud.

3   The elements of fraud are:  (i) a false representation as to material fact, (ii) knowledge of its

4   falsity, (iii) intent to defraud, (iv) actual and justifiable reliance, and (v) resulting damage.

5   *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).  Under Rule

6   9(b) fraud allegations must be specifically pled.  *Glen Holly Entertainment, Inc. v. Tektronix,*

7   *Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999) (reciting California elements).

8          The purpose of Rule 9(b) is to ensure that "allegations of fraud are specific enough to

9   give defendants notice of the particular misconduct which is alleged to constitute the fraud

10  charged so that they can defend against the charge and not just deny that they have done

11  anything wrong.  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).  "The complaint must

12  specify such facts as the times, dates, places, benefits received, and other details of the alleged

13  fraudulent activity."  *Id*. at 671-72.  Merely identifying allegedly fraudulent conduct fails.

14         As for corporate defendants, Rule 9(b) requires plaintiff to specifically plead:  (1) the

15  misrepresentation, (2) the speaker and his or her authority to speak (3) when and where the

16  statements were made, (4) whether the statements were oral or written, (5) if the statements were

17  written, the specific documents containing the representations, and (6) the manner in which the

18  representations were allegedly false or misleading.  *Moore v. Kayport Package Express, Inc.*,

19  885 F.2d 531, 549 (9th Cir. 1989).  Vague or conclusory allegations are insufficient to satisfy

20  Rule 9(b)'s "particularity" requirement.  *See, Moore*, 885 F. 2d at 540.

21         Here, plaintiff fails to plead fraud with any specificity.  Plaintiff merely alleges

22  "Defendant led Plaintiff to believe that he was being considered for a HAMP modification."

23  (Comp. ¶ 37.)  And alleges that "Defendant intended to induce Plaintiff's reliance on the

24  misrepresentation  . . . ."  (Comp. ¶ 71.)  This claim fails to meet the Rule 9 standards for a

25  corporate defendant because plaintiff has failed to identify:  (1)  the misrepresentation; (2) the

26  speaker and his or her authority to speak; (3) when and where the statements were made; (4)

27  whether the statements were oral or written; and (5) the manner in which the representations

28  were allegedly false or misleading.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Additionally, plaintiff fails to allege that Wells Fargo had (1) knowledge of the falsity of

2   any statement, (2) intended to defraud plaintiff, (3) actual and justifiable reliance by plaintiff, or

3   (4) resulting damage.  Plaintiff's negligent misrepresentation claim must be dismissed.

4   **7.   PLAINTIFF'S FORTH CLAIM FOR VIOLATION OF**

5   **BUSINESS AND PROFESSIONS CODE § 17200 FAILS**

6   Plaintiff has failed to allege a violation of California's Unfair Competition Law, Business

7   & Professions Code § 17200, *et seq.* ("UCL").  The UCL precludes any unlawful, unfair, or

8   fraudulent business act or practice.  The "unlawful" prong of the UCL applies where a practice is

9   "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or

10  court-made." *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-839 (1994) (citation omitted).

11  In short, the UCL "borrows" violations of other laws and authorizes a separate action pursuant to

12  the UCL.  *See, Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 393 (1992).  The "unfair" prong

13  applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws

14  because its effects are comparable to a violation of the law, or that otherwise significantly

15  threatens or harms competition." *Cell-Tech Comic's, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th

16  163, 187 (1999).  The "fraudulent" prong, post-enactment of Proposition 64, applies where a

17  business act or practice actually misleads a plaintiff.  *See, Hall v. Time, Inc.*, 158 Cal. App. 4th

18  847, 849 (2008).

19  To state a UCL violation, plaintiff must allege **specific facts** showing ongoing unlawful,

20  unfair, and fraudulent business acts on the part of the defendant.  *Korea Supply Co. v. Lockheed*

21  *Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Hour v. Mali's of Cal., Inc.*, 14 Cal. App. 4th 612,

22  619 (1993).  Plaintiff has plead no facts to support an UCL claim.  Plaintiff merely asserts that

23  Wells Fargo "lacks the personnel, knowledge, and skills to adequately train and educate its staff

24  regarding HAMP Calculations Logics . . . ." (Comp. ¶ 79.)  Plaintiff further asserts "Defendant is

25  not honoring its SPA agreement [under HAMP], thereby giving it an unfair competitive edge . .

26  .." (Comp. ¶ 87.)  It is unclear exactly what plaintiff is claiming.

27  To the extent plaintiff claims that the failure to provide him a loan modification under

28  HAMP is an unfair business practice, he is mistaken.  There is no right to a loan modification

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    under HAMP.  "[L]enders are not required to make loan modifications for borrowers that qualify

2    under HAMP nor does the servicer's agreement confer an enforceable right on the borrower."

3    *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, *15 (N.D. Cal. June 30, 2010)

4    (construing Wells Fargo's HAMP agreement); *see also, Villa v. Wells Fargo Bank, N.A.*, 2010

5    U.S. Dist. LEXIS 23741, *6-7 (S.D. Cal. March 15, 2010).  "[N]umerous district courts have

6    interpreted identical HAMP agreements and have come to the conclusion that a borrower is not a

7    third party beneficiary."  *Hoffman*, 2010 U.S. Dist. LEXIS 70455 at *9.  *See also*, *Escobedo v.

8    Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017 * 5 (S.D. Cal. Dec. 15, 2009,

9    Moskowitz, J.)  Hence, a borrower has no standing to sue its lender for a violation of the lender's

10   HAMP agreement.  *See, e.g., Aleem v. Bank of Am.*, 2010 U.S. Dist. LEXIS 11944, *8-10 (C.D.

11   Cal. 2010).  Since plaintiff has no rights under HAMP and has no standing to pursue a claim for

12   violation of HAMP, plaintiff cannot maintain a UCL claim against Wells Fargo based upon

13   HAMP.  *See generally*, *Silvas*, supra at 1007 n3 and *Ingels*, supra at 1060.

14          Moreover, a private litigant may only bring a UCL claim if he or she has suffered injury

15   in fact and has lost money or property as a result of a violation of the UCL.  Bus. & Prof. Code

16   § 17204.  "In order to have standing to sue under section 17204, it is not enough for a private

17   person to have suffered an injury in fact.  Nor is it enough to establish standing if one has lost

18   money or property.  After Proposition 64, a private person has standing to sue under the UCL

19   only if that person has suffered injury and lost money or property 'as a result of such unfair

20   competition.' (§ 17204)  Thus, a private person has no standing under the UCL unless that

21   person can establish that the injury suffered and the loss of property or money resulted from

22   conduct that fits within one of the categories of 'unfair competition' in section 17200."  *Daro v.

23   Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007); *see also, Peterson v. Cellco P'ship*, 164

24   Cal. App. 4th 1583, 1590 (2008) ("A private plaintiff must make a twofold showing: he or she

25   must demonstrate injury in fact and a loss of money or property caused by unfair competition.").

26          Here, plaintiff has not alleged an injury-in-fact and a loss of money or property caused by

27   any conduct of Wells Fargo in violation of the UCL.  Indeed, any injury and loss would have

28   been caused by plaintiff's failure to make the mortgage payments as promised.  In a similar

1  situation, the Court in *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296 (N.D.

2  Cal. 2011) held that the borrowers did not state a claim for violation of UCL:

> The Court cannot reasonably infer that Wells Fargo's alleged misrepresentations resulted in the loss of Plaintiffs' home. Rather, the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default. Although the Court understands Plaintiffs' frustrations with Wells Fargo's seemingly contradictory statements and actions, it does not appear that this conduct resulted in a loss of money or property.

8  *Id*. at *19-*22. *See also, Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602,

9  1616-1617 (2011), the Court of Appeal rejected the plaintiffs' attempt to state a Section 17200

10  claim based on an alleged violation of Civil Code Section 2923.5 and stated "…plaintiffs cannot

11  properly allege they lost money or property 'as a result of' defendants' alleged violation of

12  section 2923.5 (Bus. & Prof. Code § 17204)…"). Similarly, here, plaintiff has no actual loss

13  because he borrowed money from Wells Fargo and has not repaid the loan. Wells Fargo has not

14  foreclosed and plaintiff has not lost the property. He therefore lacks standing to bring this UCL

15  claim.

16  **8. PLAINTIFF'S FIFTH CLAIM FOR EQUITABLE ESTOPPEL FAILS**

17  Plaintiff's claim for "equitable estoppel" is vague and uncertain. Plaintiff appears to

18  allege that by failing to grant a loan modification Wells Fargo is somehow estopped from

19  enforcing its note and deed of trust. (Comp. ¶ 92.) Equitable estoppel is not a cause of action.

20  Moreover, a critical element of equitable estoppel is reasonable reliance which causes the

21  party to change his position for the worse. *Heckler v. Community Health Servs*., 467 U.S. 51, 59

22  (1984) ("the party claiming the estoppel must have relied on its adversary's conduct 'in such a

23  manner as to change his position for the worse,' and that reliance must have been reasonable in

24  that the party claiming the estoppel did not know nor should it have known that its adversary's

25  conduct was misleading.") (Citations and footnotes omitted). Here, plaintiff fails to allege any

26  facts showing what he did in reliance upon any alleged promise. Plaintiff merely makes the

27  vague allegation that "Plaintiff took action in good faith in regard to Defendant's representation."

28  (Comp. ¶ 110.) Plaintiff fails to identify the alleged representation or what action he took.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 9.    PLAINTIFF'S SIXTH CLAIM FOR A VIOLATION OF RESPA FAILS

In support of his sixth claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), plaintiff alleges "Defendant mailed a Qualified Written Request ("QWR") on or about April 2, 2013.  Under RESPA, the Plaintiff has thirty days (30) to respond to the QWR." (Comp. ¶¶ 113, 114.)

To constitute a QWR to which the lender must reply, "RESPA § 2605(e)(1)(B) clearly requires that a disputing party give specific 'reasons' for claiming that an account is in error." *Boatright v. Aurora Loan Services*, 2012 U.S. Dist. LEXIS 94801 at ¶40-41 (N.D. Cal. July 9, 2012) (citing 12 U.S.C. § 2605(e)(1)(B)).  Plaintiff makes no such allegation.

Here, plaintiff makes a vague statement that "[t]his inquiry **may** expose servicing abuses that have artificially inflated the debt owed by the Defendant."  [Emphasis added.]  (Comp. ¶ 115.)  And, plaintiff provides a laundry list of generic "servicing abuses," none of which are specifically alleged to apply to the Loan.  (Comp. ¶ 116.)

The letter attached to the complaint as Exhibit B is not a legitimate QWR.  It is nothing more than improper request all payment information since the inception of the loan and a demands that the information be categorized in a variety of formats.  Specifically, the letter demands, for example: 1) "monthly principal and interest payment, and monthly escrow payment from date Wells Fargo began servicing the loan to present date;" 2)  "[t]he total amount, separately listed and identified, for any unpaid principal, interest, escrow changes, and other charges due and owing as of date on which Wells Fargo began servicing the loan to present date;" 3) [t]he total amount paid by my clients on the mortgage accounts as of the date of the Notice of Default;" and 4) [f]or each payment received from date the Wells Fargo began servicing the loan to present date to[sic] indicate the amount of the payment, the date received, the date posted to the account, how the payment was applied or credited (indicating the portion, if any, applied or credited to principal, interest, escrow, suspense or other treatment), and the month to which each payment was applied. If interest is calculated using a daily accrual accounting method, indicate for each payment the number of days that lapsed from the prior payment application date." (Comp., Exh. B.)  The letter is not a legitimate request for

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    information regarding any servicing dispute.

2         Moreover, plaintiff must allege actual pecuniary damages caused by the RESPA

3    violation. *Tamburri v. Suntrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 144442, at *20-210 (N.D.

4    Cal. Dec. 15, 2011).  To satisfy this requirement, the "plaintiff must ... allege a causal

5    relationship between the alleged damages and the RESPA violation." *Torres v. Wells Fargo*

6    *Home Mortg., Inc.*, No. 10-04761, 2011 U.S. Dist. LEXIS 319, 2011 WL 11506, at *8 (N.D. Cal.

7    Jan. 4, 2011).  And, the plaintiff must plead actual pecuniary loss.  "There is no language within

8    RESPA that allows a borrower to recover actual damages for non-pecuniary losses." *Heflebower*

9    *v. JPMorgan Chase Bank, NA*, 2013 U.S. Dist. LEXIS 141278, at *39 (E.D. Cal. Sept. 27, 2013);

10   *see also, Allen v. United Financial Mortg. Corp.*, 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009)

11   (dismissing RESPA claim with prejudice where plaintiff alleged only harm as a result of

12   foreclosure and did not directly "show that the alleged RESPA violations caused any kind of

13   pecuniary loss"); and *Lal v. American Home Servicing, Inc.*, 680 F.Supp. 2d 1218, 1223 (E.D.

14   Cal. 2010) (finding a borrower may not recover damages for non-pecuniary loss under RESPA.).

15   Under this standard, "[a] plaintiff is only entitled to recover for the loss that relates to the RESPA

16   violation, not for all losses related to foreclosure activity." *Deal v. Countrywide Home Loans,*

17   *Inc.*, 2013 U.S. Dist. LEXIS 87090, at *9 (N.D. Cal. June 20, 2013).

18                              **10.   CONCLUSION**

19        For the foregoing reasons, Wells Fargo requests an order granting its motion to dismiss as

20   to all claims without leave to amend.

21                                   Respectfully submitted,

22   Dated:  March 26, 2014              ANGLIN, FLEWELLING, RASMUSSEN,
                                         CAMPBELL & TRYTTEN LLP
23

24                                   By:   /s/ Kenneth A. Franklin
                                         Kenneth A. Franklin
25                                       kfranklin@afrct.com
                                     Attorneys for Defendant
26                                   WELLS FARGO BANK, N.A., successor by
                                     merger with Wells Fargo Bank Southwest, N.A.,
27                                   f/k/a Wachovia Mortgage, FSB, f/k/a World
                                     Savings Bank, FSB ("Wells Fargo")
28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. RULES 8, 9, AND 12(b)(6)**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

***Attorneys for Plaintiff:***

Alex P. Zarcone
The McCann Law Group, LLP
P.O. Box 928158
San Diego, CA 92192
azarcone@olivalaw.com
*Tel: (619) 800-3082*
*Fax: (858) 750-1049*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on March 26, 2014.

Marianne Mantoen

(Type or Print Name)

*/s/ Marianne Mantoen*

(Signature of Declarant)