UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD LAWRENCE,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

No. C 14-1272 PJH

**ORDER DISMISSING CASE**

    The court having granted the motion of defendant Wells Fargo Bank, N.A. ("Wells Fargo"), to dismiss the first amended complaint for failure to state a claim, and having granted leave to amend, and plaintiff Edward Lawrence having failed to file a second amended complaint by the July 14, 2014, deadline imposed by the court, the court finds that the above-entitled action must be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders.

    In determining that the case must be dismissed, the court has considered the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988). In general, the first two factors favor dismissal, while the fourth cuts against dismissal. Thus the key factors are prejudice and availability of lesser sanctions. See Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the court finds that the prejudice against Wells Fargo of being compelled to defend against a lawsuit in which the plaintiff has been given leave to amend a deficient complaint, but has failed to do so, outweighs any possible prejudice to the plaintiff resulting from the dismissal. The court finds further that no lesser sanction is available under the circumstances presented here. On balance, the applicable factors favor dismissal.

**IT IS SO ORDERED.**

Dated: July 17, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge